## SKINNER v. ATCHISON, T. & S. F. R. Co.

*(Circuit Court, N. D. Illinois.   June 20, 1889.)*

CARRIERS OF PASSENGERS—ACCIDENTS—RISKS ASSUMED.

A passenger on a railway train, who, while ascending the steps of a car on the invitation of the railway company's agent, is injured by the fall of a servant of the company against her, the fall being caused by accidentally slipping while standing on the rails of the platforms of two cars, engaged in the performance of his duty, cannot recover from the company therefor, as there is no negligence, and the risk of such an accident is assumed by the passenger.

At Law.   On motion to direct verdict.

On October 13, 1887, plaintiff, a lady 45 years of age, was a passenger over the defendant's railroad, traveling from Kansas City to Wellington, Kan.   At Newton, an intermediate station, she was obliged to alight and change cars.   Being notified by the station agent that the train for Wellington was ready, she started to take her place in the passenger coach. Her testimony was that as she ascended the steps she saw a brakeman suddenly climb the rails of the car platform, as if to adjust the bell-rope, and that almost simultaneously with his ascending the rails he fell backward upon her, crushing her left hand with his foot, and inflicting other serious injuries.   A witness for plaintiff testified that he preceded the plaintiff up the steps, and that the brakeman was standing upon the rails, adjusting the bell-rope, when the witness began to ascend the steps.   This witness' attention was first attracted by a cry from the plaintiff, and, turning quickly around, he saw the brakeman in the act of falling.   Two other witnesses for the plaintiff saw the brakeman about the instant he came in contact with the plaintiff.   One of them had not noticed the brakeman before, the other testifying that he saw the brakeman suddenly appear, (but could not tell whence,) and quickly climb the rails in the manner testified to by the plaintiff.   At the close of the plaintiff's case defendant moved the court to exclude the evidence.   This motion was overruled *pro forma*, and the defendant introduced the evidence of the

brakeman, who testified that in the course of his duty, and in the usual and ordinary method, he was adjusting the bell-rope while standing, not upon the rail at the outer edge of the platform, as plaintiff's witnesses testified, but upon the two rails attached to the end of the body of the car, one on each side of the door. While in this position, his legs spanning the opening of the door, he was jostled or run into by some one from within the car; his right foot was pushed off from the rail, and in the effort to regain his balance he fell upon the plaintiff. At the conclusion of this evidence defendant renewed the motion for the court to direct a verdict for the defendant.

*Moses & Newman* and *Frank Ives*, for plaintiff.

*Williams, Holt & Wheeler*, for defendant.

JENKINS, J., (*orally.*) In disposing of this motion the court is obliged to consider the evidence in the light that is most favorable to the plaintiff, and give to the plaintiff the benefit of all the inferences from the facts which the jury would have a right to draw. The facts are within small compass. The plaintiff was a passenger, and was entitled to the protection of a passenger from the defendant, and was entitled from the defendant to the highest degree of practical skill and care to protect her from injury. So far as the evidence discloses, everything connected with the train was in perfect order. She was ascending the steps of the car, lawfully, upon invitation from the official who supervised the station where the train was standing, and upon reaching the second step she was injured by the falling of this brakeman, who, in the discharge of his duty, had ascended the rail for the purpose of coupling the bell-rope. The court must assume that the version which the plaintiff gives of that transaction is the correct one, and that the brakeman had one foot upon the forward rail of one car and the other foot upon the rear rail of the other car, stretched across. That seems to be the fact that the plaintiff's testimony tends to establish. The court must also assume that while in the discharge of that duty, so situated, he accidentally slipped, fell, and injured the plaintiff. The declaration is founded on the careless and negligent manner in which the brakeman discharged his duty, and the only two questions in the case to be determined upon this motion are—*First*, whether the company failed to discharge the duty which it owed to the plaintiff as a passenger; and, *second*, whether the brakeman was negligent in the discharge of the duty committed to his care. The defendant owed, as I have said, care and protection to the plaintiff,—such care and protection as, in the ordinary management and operation of trains, the highest degree of skill and care could exercise properly to protect her. I have carefully considered and reflected upon the evidence and upon the duty which this defendant owed, and the court is unable to see wherein the negligence of the defendant consisted. If the facts occurred as related by the brakeman, he was discharging his duty in the ordinary, usual, and customary mode, and his foot was pushed off by a passenger or some one from the interior of the car. If that were so, then he was simply the medium by which injury was inflicted upon

the plaintiff through the act of some one else, and there would be no more liability upon the part of the company than if this passenger had rushed out upon the platform against the plaintiff, and thrown her down, in which case, I take it, there could be no question of liability on the part of the company. If, on the other hand, standing upon the two rails, as the plaintiff's witnesses have testified, he accidentally slipped and fell against the plaintiff, there is then no negligence proven either upon the part of the company or upon the part of the brakeman. It is one of those accidents that will happen. It is unusual, and of which every traveler assumes the risk when it has not been produced by the act of the company, or the omission of its duty, or by the negligent act of its agents. The court has been able to discover in this case no ground of legal liability upon the part of the defendant, and, however much it regrets the injury which the plaintiff has suffered, it could not discharge its duty under the law by permitting the case to go to the jury, because should there be a verdict for the plaintiff it would be the duty of the court to set it aside.

Plaintiff moved for leave to take a nonsuit, which was allowed.